IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS**, *et al.*, | : | CIVIL ACTION NO. 1:06-CV-02289 |
| Plaintiffs | : | (Judge Conner) |
| v. | : | |
| **DOVE**, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

Plaintiffs Frederick Banks and Darrell Jackson originally filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on August 8, 2006, in the United States District Court for the Central District of California, after being granted leave to proceed *in forma pauperis*. At the time the complaint was filed, plaintiffs were incarcerated at the United States Penitentiary at Canaan ("USP-Canaan") in Waymart, Pennsylvania.[1] The thirty-four named defendants are all suppliers of products sold in the prison commissary.[2] On November 14, 2006, the Central

---

[1] As indicated in the Central District Court Order transferring the action to this Court, plaintiff Banks filed a notice of change of address with that court on August 30, 2006, in which he informed the court that he had been transferred to the Federal Correctional Institution Butner-Low ("FCI-Butner"), in Butner, North Carolina. (Doc. , Part 7 at 1, n. 1.) On September 29, 2006, plaintiff Jackson filed a notice of change of address in which he informed the court that he had been transferred to the Correctional Institution Rivers ("CI-Rivers"), in Winton, North Carolina. (Doc. 1, Part 7 at 1-2, n.1.)

[2] Named as defendants in this matter are Dove; Unilever; Dial Corp.; Springfresh; American Amenities, Inc.; Big Lake; CRW; Four-in-One, LLC; Food Service; Gordon Food Service; American Instants, Inc.; Deep Rich; Crawford Supply; Heritage; Hydrocortisone Cream; Clay-Park Labs, Inc.; Sony; Close-Up; Church & Dwight Co., Inc.; Colgate-Palmolive; Wortz, Bremner, Inc.; Mennen;

District Court issued an order transferring the case to this Court. The case was received by the Court on November 28, 2006, and is presently before the Court for preliminary review pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, plaintiffs' complaint will be dismissed, without prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I. **Background**

Having reviewed the complaint, it appears that the gravamen of plaintiffs' claims is that while they were incarcerated at USP-Canaan, they purchased various hygiene products and food products from the prison commissary. (Doc. 1, Part 3 at 2-3.) Plaintiffs allege that defendants caused damage to plaintiffs because the products did not list the "percentages of either the ingredients or inactive/active ingredients" on the packages; the pictures of products on the package covers did not accurately portray the products inside the packages; the products did not perform as claimed on the package covers; the products did not list expiration dates; and, the companies (namely defendant Sony) did not honor limited warranties. (*Id.*) Plaintiffs' claims alleged are false advertising/conversion (Count I) and breach of implied contract (Count II). (Doc. 1, Part 3 at 3.) The named defendants are all of the manufacturers of the products allegedly purchased by

---

Global Brands, Inc.; Dollar Only Wholesale, LLC; Alberto-Culver, Inc.; Centric Store; Keefe Supply Co.; Geiss, Destin & Dunn, Inc.; Hillside Candy; Hershey Foods Corporation; Warner Candy Company; Wm. H. Leahy Associates; and Neutrogena Corporation.

plaintiffs at the prison commissary. (Doc. 1, Part 3 at 1-2.) Plaintiffs seek monetary damages totaling $8,300,000.

## II. Discussion

District court are required to screen all civil cases brought by prisoners. *See* 28 U.S.C. § 1915(e)(2). That section provides as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). In applying the statutory requirement under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court relies on the standard employed to analyze motions to dismiss under FED. R. CIV. P. 12(b)(6), which authorizes a defendant to seek dismissal of a complaint on basically the same ground, "failure to state a claim upon which relief can be granted." Thus, the Court accepts as true the factual allegations of the complaint, *White v. Napolean*, 897 F.2d 103, 106 (3d Cir. 1990), and decides in reviewing the complaint "whether under any reasonable reading of the pleadings, plaintiff[s] may be entitled to relief." *Simon v. Cebrick*, 53 F.3d 17, 19 (3d Cir. 1995).

Section 1983 provides that persons acting under color of state law may be found liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. To state a 1983 claim, a plaintiff must plead two essential elements: (1) the conduct

3

complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990); *Schorr v. Borough of Lemoyne*, 265 F.Supp.2d 488, 491 (M.D. Pa. 2003).

Plaintiffs' complaint is based on false advertising/conversion and an alleged implied contract dispute between plaintiffs and all thirty-four defendants, and claims that defendants caused damage to plaintiffs as they attempted to utilize defendants' manufactured products. The fatal flaw of plaintiffs' 1983 action is that none of the thirty-four defendants is a state actor. Nowhere in the complaint do plaintiffs allege that defendants were acting under color of state law when they manufactured and packaged the products eventually purchased by plaintiffs. Plaintiffs may not proceed under section 1983 as means to resolve a false advertising claim and implied contract dispute with private entities. Excluded from the reach of section 1983 is "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Additionally, plaintiffs have failed to allege a deprivation of a right secured by the Constitution. Plaintiff contend that "[d]efendants caused damage to the Plaintiffs by not listing the ingredient or active ingredient percentages of their products on the packages, putting pictures of products that were purported to be inside the packages but were not, not listing expiration dates, and not honoring

limited warranties." (Doc. 1, Part 3 at 2.)[3] Here, plaintiffs' characterization of defendants' packaging of the goods at issue does not rise to the level of a constitutional violation and, accordingly, is not cognizable in a section 1983 action.

Thus, since plaintiffs' complaint is "based on a indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Under the circumstances, the Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that section 1915 is designed to preserve. *See Roman v. Jeffes*, 904 F.2d 192, 195 n.3 (3d Cir. 1990).

---

[3] Federal Rule of Civil Procedure 8(a) requires, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief, . . . ." FED. R. CIV. P. 8(a)(2). To meet the standards set forth in Rule 8, the complaint must at least contain a modicum of factual specificity, identifying the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990). Although there is no heightened pleading standard in section 1983 cases, *see Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), a civil rights complaint, such as plaintiffs', must at least set forth some modicum of facts which specifically identifies the conduct of a defendant that is asserted to have violated a plaintiff's rights. *See Grudzinski v. Commonwealth of Pennsylvania*, 97-0739, slip op. at p.6 (M.D. Pa., April 17, 1998) (Vanaskie, J.). A civil rights complaint can meet this standard if it alleges the unlawful conduct, the date and place of that conduct, and the identity of the defendant responsible. *Id.* In this case, although plaintiffs generally allege "damage" due to the conduct of defendants, plaintiffs provide no indication to any defendant or this Court as to the nature of the wrongful conduct, i.e. exactly how plaintiffs were deprived of a constitutional right and in what manner defendants' action was unconstitutional. Additionally, since this Court concludes that defendants' conduct did not rise to the level of a constitutional violation, plaintiffs would not be able to cure the fatal flaw of the complaint by filing an amended complaint setting forth new claims based on the facts presented here.

An appropriate Order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: January 16, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS**, *et al.*, | : | CIVIL ACTION NO. 1:06-CV-02289 |
| Plaintiffs | : | (Judge Conner) |
| v. | : | |
| **DOVE**, *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 16th day of January, 2007, upon review of the complaint under 28 U.S.C. § 1915(e)(2), it is hereby ORDERED that:

1. Plaintiffs' complaint is DISMISSED without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[4]

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this Order will be deemed frivolous, not taken in good faith and lacking in probable cause.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[4] The dismissal of this action does not relieve plaintiffs of the obligation to pay the full filing fee. Until the filing fee is paid in full, any administrative order issued by the United States District Court for the Central District of California is binding on the Superintendents of FCI-Butner and CI-Rivers and the superintendent of any correctional facility to which plaintiffs may be transferred.