## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS, et al.,** | : | **CIVIL ACTION NO. 1:06-CV-02289** |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DOVE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

Plaintiffs Frederick Banks and Darrell Jackson originally filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on August 8, 2006, in the United States District Court for the Central District of California, after being granted leave to proceed *in forma pauperis*.  At the time the complaint was filed, plaintiffs were incarcerated at the United States Penitentiary at Canaan ("USP-Canaan") in Waymart, Pennsylvania.[1]  The thirty-four named defendants are all manufacturers

---

[1] On March 19, 2007, plaintiff Banks filed a notice of change of address in which he informed the court that he had been transferred to the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City").  (Doc. 8.)  On September 29, 2006, plaintiff Jackson filed a notice of change of address in which he informed the court that he had been transferred to the Correctional Institution Rivers ("CI-Rivers"), in Winton, North Carolina.  (Doc. 1, Part 7 at 1-2, n.1.)

of products allegedly purchased by plaintiffs from the prison commissary.[2]  On

November 14, 2006, the Central District Court issued an order transferring the case

to this Court.

Presently pending before the court is plaintiff Banks' motion for

reconsideration of the court's order dismissing the complaint, without prejudice, as

legally frivolous.  (Doc. 7.)  For the reasons set forth below, the motion will be

denied.

I.    **Background**

The gravamen of plaintiffs' claims is that while they were incarcerated at

USP-Canaan, they purchased various hygiene products and food products from the

prison commissary.  (Doc. 1, Part 3 at 2-3.)  Plaintiffs allege that defendants caused

damage to plaintiffs because the products did not list the "percentages of either the

ingredients or inactive/active ingredients" on the packages; the pictures of products

on the package covers did not accurately portray the products inside the packages;

the products did not perform as claimed on the package covers; the products did

not list expiration dates; and, the companies (namely defendant Sony) did not

honor limited warranties.  (Id.)  Plaintiffs' claims alleged are false

advertising/conversion (Count I) and breach of implied contract (Count II).  (Doc. 1,

_____

[2] Named as defendants in this matter are Dove; Unilever; Dial Corp.;
Springfresh; American Amenities, Inc.; Big Lake; CRW; Four-in-One, LLC; Food
Service; Gordon Food Service; American Instants, Inc.; Deep Rich; Crawford
Supply; Heritage; Hydrocortisone Cream; Clay-Park Labs, Inc.; Sony; Close-Up;
Church & Dwight Co., Inc.; Colgate-Palmolive; Wortz, Bremner, Inc.; Mennen;
Global Brands, Inc.; Dollar Only Wholesale, LLC; Alberto-Culver, Inc.; Centric
Store; Keefe Supply Co.; Geiss, Destin & Dunn, Inc.; Hillside Candy; Hershey
Foods Corporation; Warner Candy Company; Wm. H. Leahy Associates; and
Neutrogena Corporation.

Part 3 at 3.) The named defendants are all of the manufacturers of the products allegedly purchased by plaintiffs at the prison commissary. (Doc. 1, Part 3 at 1-2.)

By order dated January 16, 2007, the court dismissed plaintiffs' complaint, without prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (See Doc. 4.) Dismissal of the complaint was warranted because not only are none of the defendants state actors, but also because plaintiffs' characterization of defendants' packaging of the goods at issue does not rise to the level of a constitutional violation and, accordingly, is not cognizable in a section 1983 action. Consequently, plaintiff Banks filed the instant motion for reconsideration of the order dismissing the complaint, without prejudice, as legally frivolous. (Doc. 7.)

## II.    Discussion

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau

3

Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), <u>vacated in part on other grounds on reconsideration</u>, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  <u>Drysdale v. Woerth</u>, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  <u>Continental Cas. Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, plaintiff claims that the complaint should not have been dismissed because the defendant corporations "clearly act under color of state law for purposes of 42 U.S.C. § 1983 because they are entities incorporated in a state under state law and therefore always act under 'color of state law.'" (Doc. 7 at 1.)  In addition, plaintiff asserts that the complaint should have been construed as accusing the defendant corporations of violating equal protection under the Fifth and Fourteenth Amendments.

Applying the standard used when a party seeks reconsideration, the court concludes that plaintiff has not demonstrated any of the applicable grounds for reconsideration.  Initially, the court finds no intervening change in controlling law

4

and no error of law of fact.[3]  Additionally, plaintiff's alternative arguments do not

constitute new evidence that was not available when the court entered judgment.

Thus, the court finds no basis to reconsider its finding that the defendant

---

[3] With respect to plaintiff's claim that the defendant corporations are acting
under color of state law, the court notes that to assert a *prima facie* case under §
1983, a plaintiff must demonstrate a violation of his federal rights by someone acting
under color of state law.  <u>See</u> <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638
(3d Cir. 1995).  To satisfy the "under color of state law" requirement, the plaintiff
must show that the defendant "exercised power possessed by virtue of state law and
made possible only because the wrongdoer is clothed with the authority of state
law." <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988).

The "under color of state law" inquiry is fact-specific.  <u>See</u> <u>Burton v.
Wilmington Parking Auth.</u>, 365 U.S. 715, 725-26 (1961).  The Third Circuit Court of
Appeals has identified three approaches that the United States Supreme Court has
used in different circumstances to determine whether action is taken under color of
state law.  <u>See</u> <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1142-43 (3d Cir. 1995).
Courts in this circuit commonly refer to these three tests as some variant of the
"symbiotic relationship" or "joint participant" approach; the "nexus" approach; and
the "government function" or "public function" approach.  <u>See</u>, <u>e.g.</u>, <u>Groman</u>, 47
F.3d at 639.

The symbiotic-relationship approach focuses on the overall relationship
between the acting party and the state.  <u>See</u> <u>Community Med. Ctr. v. Emergency
Med. Servs.</u>, 712 F.2d 878, 881 (3d Cir. 1983).  Under this approach, the court must
determine whether "[t]he State has so far insinuated itself into a position of
interdependence with [the acting party] that it must be recognized as a joint
participant in the challenged activity."  <u>Burton</u>, 365 U.S. at 725.  In contrast, under
the nexus approach, the court focuses on "the specific conduct of which the plaintiff
complains."  <u>Community Med. Ctr.</u>, 712 F.2d at 881.  This approach requires the
court to determine if "there is a sufficiently close nexus between the State and the
challenged action of [the acting party] so that the action of the latter may be fairly
treated as that of the State itself."  <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004 (1982)
(internal quotation marks and citation omitted).  Finally, the government-function
approach asks whether the acting party performs a public function insofar as its
activities are "traditionally the exclusive prerogative of the State," <u>Rendell-Baker v.
Kohn</u>, 457 U.S. 830, 842 (1982) (internal quotation marks and citation omitted), or
the state imposes an obligation to perform such a function.  <u>See</u> <u>Jackson v.
Metropolitan Edison Co.</u>, 419 U.S. 345, 353 (1974).

None of these approaches requires the court to construe any of the defendant
corporations as entities "acting under color of state law."

corporations are not state actors, and that plaintiff has not asserted claims that rise to the level of constitutional violations.[4]

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      June 12, 2007

---

[4] To the extent that plaintiff seeks to amend his complaint should the motion for reconsideration be granted, the court need not address an amendment due to the disposition of the instant motion herein.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK BANKS**, *et al.*, | : | **CIVIL ACTION NO. 1:06-CV-02289** |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DOVE**, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 12th day of June, 2007, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that plaintiff's motion for reconsideration (Doc. 7) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge